*The Court*, without hearing the other side, sustained the bond; having fully considered this question in *State, use of Hazzard* vs. *Layton*. (4 *Harr. Rep.* 412.)

Exception prayed and granted.

---

### EBE TYRE vs. STEPHEN MORRIS.

After testimony closed and the case opened by the plaintiff's counsel, if the defendant's counsel submit without argument, the plaintiff is not entitled to a further hearing before the jury.

SUSSEX, April term, 1848. Ejectment for 158 acres of land called "Hobb's Choice."

It was a question of location dependent on a boundary line beginning at a white oak; and the parties differed as to the position of this tree. A white oak, said to be the beginning bounder of Hobb's choice, was at the end of an old marked line of trees (which defendant claimed as the true line:) another white oak, standing several yards further east, and called by plaintiff the " Cow horn bounder," was at the end of a more recently marked line, which he claimed to be the true line of Hobb's choice. The cow horn oak was marked externally; the defendant's white oak had no visible marks. By advice of Wm. B. Ewing, surveyor, it was cut down and split open, and near the heart four distinct rows of marks, three in each row, were found, and one hundred and nineteen years' growth counted over them, making the oak eighteen or twenty years old when marked, if marked at the time of the patent. A section from the heart of the tree was produced in court, with a very distinct scar in it, covered by a large growth. The date of the patent was 1714.

After the evidence was closed, and one of plaintiff's counsel had opened,

*Mr. Bayard* declined to argue the cause for the defendant, and insisted on the jury taking it, either without or with a charge from the court, as the court should see fit.

*Mr. Layton* resisted this, and insisted on his right to address the

jury on the facts; which the court refused to allow, and the jury took the case. The court charged briefly on the law.

Verdict for defendant.

*Saulsbury* and *Layton*, for plaintiff.

*J. A. Bayard*, for defendant.

SAMUEL BETTS, def't. below *vs.* MITCHELL WARREN, pl'ff below.

On certiorari the court will not hear allegations against the record, of matters not essential to jurisdiction.

The record is conclusive in its statement of the proceedings below.

CERTIORARI to Justice Dickerson.

The record showed a service of process and appearance of defendant; an adjournment and appearance of both parties; trial and judgment for plaintiff, after hearing the allegations and proofs of the *parties*.

The defendant filed an affidavit that he appeared on the first day and demanded a nonsuit; that he appeared on the second day, and remained until near sun down; when, the plaintiff not appearing, he again demanded a nonsuit, which was refused; but the justice said if plaintiff did not appear, he would enter a nonsuit; and if he did appear, he would postpone the case and give him notice; upon which the defendant left, and did not hear of the judgment against him until after the time for appeal had expired; and he denied that the plaintiff had appeared, at any time, before the justice.

Upon which, *Layton*, for defendant, moved for leave to contradict the record in fact.

Judgment affirmed,—

*The Court* stating the principle as to allegation of errors in fact against the record, which must be confined to such facts as controvert the essentials of jurisdiction. If the justice has jurisdiction of the cause of action and of the parties, his record as to the proceedings in the cause is conclusive on certiorari.